UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FARRAH GILOT,

                Plaintiff,

    - against -

ALDI,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-0171 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On January 13, 2026, *pro se* Plaintiff Farrah Gilot filed the instant action, claiming federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 ("Section 1332"). (Compl., Dkt. 1, at 3.) Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. (*See* IFP Mot., Dkt. 2.) For the reasons discussed below, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff, a citizen of Brooklyn, New York, brings this action against Defendant Aldi, alleged to be a citizen of Illinois. Plaintiff asserts that she is a victim of racial profiling and that she is "constantly followed around in store and when leaving shows receipts and bag . . . ." (Compl., Dkt. 1, at 5.)[1] Plaintiff seeks $284,000 in damages. (*Id.*)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] The Complaint does not identify the location of the "store" nor state that it was an Aldi store. (*Id.*)

liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

"[A] district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter." *Jean-Baptiste v. Montway LLC*, No. 22-CV-5579 (PKC) (LB), 2022 WL 11213581, at *1 (E.D.N.Y. Oct. 19, 2022) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000)). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). If the court "determines at any time that it lacks subject[]matter jurisdiction, the [c]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

## DISCUSSION

Plaintiff's Complaint fails to either establish the bases for diversity jurisdiction or present a federal question.

**I.     The Court Lacks Diversity Jurisdiction over Plaintiff's Claims**

Plaintiff asserts that the Court has subject matter jurisdiction over her claims based on diversity of citizenship. (Compl., Dkt. 1, at 3.) Federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. 1332(a); *see Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) ("[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (quoting *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The amount in controversy must be supported by a good-faith, non-speculative basis to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *See Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction."); *Trisvan v. Burger King Corp.*, No. 19-CV-6396 (MKB), 2020 WL 1975236, at *2 (E.D.N.Y. Apr. 24, 2020) ("The amount in controversy must be non-speculative in order to satisfy the statute[.]").

Here, although the Court presumes the parties' diversity of citizenship based on the Complaint's allegation that Aldi is located in Illinois, (Compl., Dkt. 1, at 1), Plaintiff offers no plausible factual allegations explaining how the amount of $284,000 in damages was calculated or otherwise supporting that damages amount. Further, there are no facts linking the claimed

damages to a plausible theory of recovery. Plaintiff has failed to plead facts demonstrating non-speculative damages exceeding $75,000, and thus the Court lacks jurisdiction under Section 1332. *See Trisvan*, 2020 WL 1975236, at *2 ("[C]onclusory allegations that the amount-in-controversy requirement is satisfied are insufficient."); *Panchitkaew v. Blue Ridge Bev. Group Co., Inc.*, No. 19-CV-6869, 2020 WL 3035216, at *2 (E.D.N.Y. June 5, 2020) ("The party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (internal quotations and citations omitted)).

Furthermore, even if Plaintiff had stated sufficient facts to support her damages claim of $284,000, she fails to state a state or common law cause of action, or, as discussed next in the context of federal question jurisdiction, a federal cause of action.

## II. The Court Lacks Federal Question Jurisdiction over Plaintiff's Claims

Because the Court must liberally construe *pro se* Plaintiff's Complaint, the Court considers whether Plaintiff has established federal question jurisdiction. Federal question jurisdiction confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotations and citation omitted).

Here, Plaintiff appears to allege that Aldi violated Plaintiff's constitutional rights by engaging in "racial profiling" and following her around while she was in and leaving a store. (Compl., Dkt. 1, at 5.) However, "because the United States Constitution regulates only the Government, not private parties, a litigant claiming that [her] constitutional rights have been

4

violated must first establish that the challenged conduct constitutes state action." *Heath v. Galloway*, No. 23-CV-10886 (LTS), 2024 WL 2978475, at *2 (S.D.N.Y. June 10, 2024) (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295–96 (2d Cir. 1991). "To demonstrate that conduct is state action, 'a plaintiff must allege that [she] was injured by either a state actor or a private party acting under color of state law.'" *Id.* (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)). "A private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Ciambriello*, 292 F.3d at 323 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Here, Plaintiff alleges no facts to support the inference that Aldi—a private entity—acted under color of state law. The Court thus lacks subject matter jurisdiction on the basis of federal question. *See Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) (finding no subject matter jurisdiction where "the asserted claim for relief is 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit'") (quoting *Shapiro v. McManus*, 577 U.S. 39, 45 (2015)); *see also Clarkes v. Hughes*, No. 17-CV-0961 (JMA) (AYS), 2018 WL 5634932, at *3 (E.D.N.Y. Oct. 30, 2018) (dismissing *pro se* complaint for lack of subject matter jurisdiction in the absence of "any facts in support of such [federal] claims").

Ordinarily, the Court might permit Plaintiff to seek to amend her complaint to plead subject matter jurisdiction. However, given the nature of Plaintiff's claim, the Court finds that amendment would be futile; even if Plaintiff could sufficiently allege facts to support a damages claim in excess of $75,000, she could not state a federal, state, or common law cause of action, which would result in the dismissal of any amended complaint for failure to state a claim and/or lack of subject matter jurisdiction.

**FILING INJUCTION WARNING**

District courts "have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted). "A federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action pro se (that is, without counsel), without prior leave of that court." *White v. Uhler*, No. 9:14-CV-1400 (LEK) (ATB), 2017 WL 923345, at *4 (N.D.N.Y. Mar. 8, 2017) (collecting cases). The Court considers several factors in determining whether to impose such an injunction, including:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)).

Here, Plaintiff has filed 13 cases in this district in the past year, many of which were filed within the last six weeks.[2] By February 13, 2026, Plaintiff is ordered to show cause as to why the

---

[2] In addition to the instant matter, these cases are: *Gilot v. Cascade Capital Funding LLC et al.*, No. 26-CV-0458 (PKC) (PK); *Gilot v. MRO*, No. 26-CV-0457 (PKC) (PK); *Gilot v. Department of Soc. Serv.*, No. 26-CV-0260 (PKC) (PK); *Gilot v. CVS*, No. 26-CV-0263 (PKC) (PK); *Gilot v. Christ US Santa Rosa Hosp.*, No. 26-CV-0259 (PKC) (PK); *Gilot v. Verizon*, No. 26-CV-0172 (PKC) (PK); *Gilot v. Extra Storage Space*, No. 26-CV-0171 (PKC) (PK); *Gilot v. Self Fin. Inc.*, No. 26-CV-0150 (PKC) (PK); *Gilot v. Self Fin. Inc.*, No. 25-CV-7050 (PKC) (PK); *Gilot v. St. Joseph Hosp.*, No. 25-CV-6953 (PKC) (PK); *Gilot v. Greyhound*, No. 25-CV-6954 (PKC) (PK); and *Gilot v. Ontario Sheriff*, No. 25-CV-6760 (PKC) (PK). Plaintiff previously filed three cases before the Honorable William F. Kuntz. *See Gilot v. Bradao et al.*,

Court should not impose a filing injunction against her.  Should Plaintiff fail to adequately show cause, or should Plaintiff continue filing repetitive, vexatious, and frivolous litigation, the Court may impose an injunction prohibiting her from making future filings seeking IFP status without leave of the Court.  *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)).

## CONCLUSION

Accordingly, the Complaint, filed IFP, is dismissed without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).  By February 13, 2026, Plaintiff is ordered to show cause as to why the Court should not impose a filing injunction against her.  The Clerk of Court is respectfully directed to enter judgment dismissing the action, mail a copy of the judgment and this Memorandum and Order to the *pro se* Plaintiff, note the mailing on the docket, and close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 28, 2026
　　　Brooklyn, New York

---

No. 21-CV-4346 (WFK) (SJB); *Gilot v. Equivity c/o Id Experts*, No. 18-CV-3492 (WFK) (SJB); *Gilot v. Greyhound*, No. 18-CV-3074 (WFK) (SJB).